UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEANDRE HAMILTON,

    Plaintiff,

          v.                       CAUSE NO. 3:19-CV-618-RLM-MGG

WARDEN,

    Defendant.

OPINION AND ORDER

DeAndre Hamilton, a prisoner without a lawyer, filed this lawsuit alleging that the area where he is housed at the Indiana State Prison is infested with mice and roaches. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." Townsend v. Fuchs, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. Farmer v. Brennan, 511 U.S. 825, 834 (1994). The objective prong asks whether

the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). Although "the Constitution does not mandate comfortable prisons," Rhodes v. Chapman, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. Knight v. Wiseman, 590 F.3d 458, 463 (7th Cir. 2009); Gillis v. Litscher, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. Farmer v. Brennan, 511 U.S. at 834.

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also* Reed v. McBride, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference.").

Mr. Hamilton alleges that he resides in an area of Indiana State Prison that is infested with mice and roaches. They get into his food purchased from the commissary. There is mouse waste on the floor. He has found roaches in his bath towel and he has been bitten by roaches. Prolonged exposure to infestations such as this can amount to an Eighth Amendment violation. *See* Davis v. Williams, 216 F.Supp.3d 900, 907-908 (N.D.Ill. 2016). Mr. Hamilton's allegations satisfy the objective prong of the inquiry. With respect to the subjective prong,

2

Mr. Hamilton alleges that he has complained to the Warden, but nothing has been done to address the problem. Giving Mr. Hamilton the inferences to which he is entitled, he has stated enough to proceed on his claim against the Warden in his individual capacity for monetary damages. He may proceed against the Warden in his official capacity for injunctive relief. *See* Gonzalez v. Feinerman, 663 F.3d 311, 315 (7th Cir. 2011) ("[T]he warden . . . is a proper defendant [for] injunctive relief [and is] responsible for ensuring that any injunctive relief is carried out.").

As a final matter, Mr. Hamilton seeks to be transferred to another facility. "Prison officials have broad administrative and discretionary authority over the institutions they manage." Westefer v. Neal, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). Prison officials must afford inmates their constitutional rights, but where to house an inmate is just the type of decision that is squarely within the discretion of prison officials. The facts presented here don't warrant an intrusion upon that discretion.

For these reasons, the court:

(1) GRANTS DeAndre Hamilton leave to proceed against the Indiana State Prison Warden in his individual capacity for monetary damages for subjecting Mr. Hamilton to unsanitary living conditions from being housed in an area infested with mice and roaches at the Indiana State Prison, in violation of the Eighth Amendment;

(2) GRANTS DeAndre Hamilton leave to proceed against the Indiana State Prison Warden in his official capacity for injunctive relief to provide DeAndre Hamilton with sanitary living conditions, as required by the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on the Indiana State Prison Warden at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that the Indiana State Prison Warden respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 31, 2019

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT